IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ALFA INSURANCE CORPORATION**                                               **PLAINTIFF**

**V.**           **NO. 3:13CV00151-DMB-JMV**

**KRYSTAL BROWN, ET AL.**                                             **DEFENDANTS**

**ORDER**

Before the Court are Plaintiff Alfa Insurance Corporation's motion to continue trial [78] and motion to extend the motion in limine deadline [92],[1] and Defendants Krystal Brown and Melvin Houston's motion to strike Plaintiff's rebuttal brief [75] and motion to strike Plaintiff's itemization of facts in support of its motion for summary judgment [55].

**I**
**Motion to Continue**

Trial is currently set for October 6, 2014, <u>not</u> September 8, 2014, as Plaintiff represents in its motion.[2] Plaintiff states that it seeks a continuance of trial so that it may amend its complaint to address the residency issue of Defendant Krystal Brown. Plaintiff also requests that the trial be continued to allow for the dispositive motions deadline to be extended so that the parties can brief the issue of Brown's residency, which Plaintiff submits raises an additional basis for summary judgment.

The dispositive motions deadline in this case expired March 28, 2014, and discovery ended May 14, 2014.[3] In its summary judgment motion filed in February of this year, Plaintiff

---

[1] Defendants Krystal Brown and Melvin Houston filed a response advising that they do not oppose the motion to continue trial, and so did Defendants Issac Dennis and Brittney Marks. Plaintiff advises that its motion to extend the motion in limine deadline is unopposed.

[2] The current trial date of October 6, 2014, was set on April 30, 2014.

[3] The discovery deadline was originally March 14, 2014, but extended until May 14, 2014, with the consent of all of the parties to Defendant Brown's motion for such extension.

argues that the insurance policy at issue was void *ab initio* due to a number of alleged material representations, and argues in its rebuttal brief that, even if the policy was not void *ab initio*, Brown was not entitled to stack coverage because she was not a resident of the policyholder's household. According to Plaintiff, however, it only recently learned, through the deposition of another defendant in this case, that Brown was not a resident of the policyholder's household.[4]

Based on this "newly" discovered information, Plaintiff earlier moved to extend the dispositive motions deadline[5] and to amend its complaint. The Magistrate Judge assigned to this case denied Plaintiff's motion to extend the dispositive motions deadline by order dated June 11, 2014. By order dated June 26, 2014, the Magistrate Judge granted Plaintiff's motion to amend its complaint. In the latter order, the Magistrate Judge pointed out that Plaintiff's initial complaint specifically alleged that Brown lived at the home of the policyholder at the time of the accident but was not a resident there, and concluded that the claim that Brown was not a resident of the policyholder's home "has been a claim in the case since the outset, making the necessity to amend the complaint to allege the same entirely meaningless." Finding, however, that allowing the amendment would promote justice and judicial efficiency, the Magistrate Judge permitted the amendment. Plaintiff subsequently amended its complaint, which all Defendants have answered.

Because Plaintiff has already amended its complaint, its first reason for a continuance is rendered moot. As for the need to brief the issue of Brown's residency, the Court agrees with the Magistrate Judge's assessment that the issue of Brown's residency has been present from the beginning of this case. Now, however, Plaintiff seeks to delay trial to allow further briefing on

---

[4] Plaintiff claims this information was discovered after the Court granted Defendant Brown's unopposed motion to extend the discovery deadline.

[5] Plaintiff essentially asked for the Court's after-the-fact permission to make the new summary judgment argument since Plaintiff had already made such argument in its rebuttal brief.

the residency issue. No such delay will be permitted.[6] While the defendants in this case do not oppose Plaintiff's motion for continuance, "[t]he decision to grant or deny a continuance lies within the sound discretion of the district court." *Wells v. Rushing*, 755 F.2d 376, 380 (5th Cir. 1985) (citation omitted). This Court finds that Plaintiff's motion to continue trial should be denied.[7]

## II
## Motion to Extend Motion in Limine Deadline

While its motion to continue trial was pending, Plaintiff filed a motion to extend the motion in limine deadline. Plaintiff does not specify the length of any extension sought, and its reasons given for the necessity of an extension are the "recent developments in this matter" and the pending motion to continue trial.

The case management order in this matter does not set a date certain for filing motions in limine. Doc. #13. Rather, in compliance with the Local Uniform Civil Rules, it provides that motions in limine are due no later than fourteen days before the pretrial conference, and responses are due no later than seven days before the pretrial conference. *See* L. U. Civ. R. 7(b)(2)(D). The pretrial conference is set for September 10, 2014; therefore, the current motion in limine deadline is August 27, 2014.

---

[6] The Court is not persuaded by Plaintiff's argument that it would be prejudicial to allow Defendants additional time for discovery without extending the dispositive motions deadline. Plaintiff moved for summary judgment nearly three weeks before the expiration of the original discovery deadline of March 14, 2014, and about a month before the dispositive motions deadline expired. Defendant Brown filed her motion for an extension of the discovery deadline on March 10, 2014. Plaintiff advised the Court that it did not oppose the requested discovery extension. Plaintiff was free to conduct any discovery it desired on the issue of Brown's residency before the original discovery deadline and during the discovery extension period, and to request at the time the discovery extension was sought any relief that would permit it to amend or supplement its summary judgment motion and arguments if it so wished. Plaintiff cannot now argue prejudice for its failure to do so.

[7] Inasmuch as Plaintiff argued that trial should be continued so that the dispositive motions deadline could be extended to allow briefing on the residency issue, the Court finds the argument moot and otherwise without merit. The Court, therefore, also overrules Plaintiff's objection [82] to the Magistrate Judge's Order denying Plaintiff's motion for extension of the dispositive motions deadline, for all of the reasons herein and upon consideration of the response to the objection filed by Defendants Brown and Houston.

The Court finds that the motion for extension is not only premature but moot given the Court's ruling on the motion to continue trial. For these reasons, Plaintiff's motion to extend the motion in limine deadline is denied.

### III
### Motion to Strike Rebuttal Brief

As mentioned, Plaintiff argued in its rebuttal brief that, even if the policy was not void *ab initio*, Defendant Brown was not entitled to stack coverage because she was not a resident of the policyholder's household. Plaintiff made this argument for the first time in its rebuttal brief. Based on this new argument, Defendants Krystal Brown and Melvin Houston filed a motion to strike Plaintiff's rebuttal brief. In the alternative, these defendants request that the Court either not consider the new argument raised in Plaintiff's rebuttal brief or grant them leave to respond to the motion.

Plaintiff raised a separate ground for relief in its rebuttal brief independent of those raised in its initial motion for summary judgment. The Court has previously characterized this portion of the rebuttal brief (subsection "D") as a separate motion for summary judgment.[8] Doc. #74. At the time the rebuttal brief was filed, however, the dispositive motions deadline had passed. The Court determined above that Plaintiff's motion to continue trial should be denied and that no additional briefing on the new issue raised in Plaintiff's rebuttal brief will be allowed. Accordingly, Defendants' motion to strike will be granted but only with regard to subsection "D" of Plaintiff's rebuttal brief, which raises arguments not raised in Plaintiff's initial brief. *See Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, Nos. 08-2027-JWL, 08-2191-JWL, 2010 WL 446936, at *7 & n.7 (D. Kan. Feb. 5, 2010) (granting motion to strike

---

[8] The Local Uniform Civil Rules provide that "a response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." L. U. Civ. R. 7(b)(3)(C).

portions of reply brief raising new arguments for first time where arguments were discrete and not sufficiently raised in prior briefs); *In Re Katrina Canal Beaches Litigation*, 620 F.3d 455, 460 n.3 (5th Cir. 2010) (arguments not made in opening brief are waived). The entirety of the rebuttal brief need not be stricken.

    For these reasons, Defendants motion to strike Plaintiff's rebuttal brief is granted in part.

## IV
## Motion to Strike Itemization of Facts

    Plaintiff filed an "Itemization of Facts" in support of its motion for summary judgment, which Defendants Krystal Brown and Melvin Brown have moved to strike.[9] In response, Plaintiff indicated that it would re-file its exhibits as exhibits to its motion for summary judgment, and it has since done so. Defendants have advised the Court that they have agreed to withdraw their motion to strike. As such, the motion to strike Plaintiff's itemization of facts is denied as moot.

## V
## Conclusion

    Plaintiff's motion to continue trial [78] is DENIED. Plaintiff's motion to extend the motion in limine deadline [92] is also DENIED. Defendants' motion to strike Plaintiff's rebuttal brief is GRANTED IN PART. Defendants' motion to strike Plaintiff's itemization of facts is DENIED as moot.

    SO ORDERED, this the 31st day of July, 2014.

                                              /s/ Debra M. Brown
                                              **UNITED STATES DISTRICT JUDGE**

---

[9] The itemization of facts contained certain exhibits that should have been attached to the summary judgment motion itself. *See* L. U. Civ. R. 7(b)(2).